UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RANDY B. ANDERSON, #231018, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3-14-cv-516-TAV-HBG |
| | ) | |
| MORGAN COUNTY CORR. FACILITY and | ) | |
| MORGAN COUNTY CORR. FACILITY | ) | |
| MEDICAL STAFF, | ) | |
| | ) | |
|     *Defendants*. | ) | |

## **MEMORANDUM & ORDER**

Pro se state prisoner Randy B. Anderson, who presently is incarcerated in the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed this civil rights complaint for damages under 42 U.S.C. § 1983, alleging that his constitutional rights were violated in the Morgan County Correctional Facility, where he was formerly confined [Doc. 1]. Defendants are Morgan County Correctional Facility itself and its Medical Staff.

### I.    FEE ASSESSMENT PROCEDURES

Plaintiff's last application to proceed *in forma pauperis* [Doc. 6], unlike his first application [Doc. 2], is supported by a certified copy of his inmate trust fund statement for the last six months. Both applications are **GRANTED** [Docs 2, 6], and Plaintiff is **ASSESSED** the full filing fee of three-hundred, fifty dollars ($350.00). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District

Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum & Order to the Warden of the WTSP and to Derrick Schofield, Commissioner of the Tennessee Department of Correction, to ensure that the custodian of Plaintiff's inmate trust account complies with the Court's directives relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of the Memorandum & Order to the Court's financial deputy. This Order **SHALL** be placed in Plaintiff's prison file and **SHALL** follow him if he is transferred to another institution.

## II. SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen"

certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

## III. GOVERNING STANDARDS

In screening the complaint, the Court is mindful that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations and internal quotation marks omitted).

Conclusory allegations and unwarranted inferences from alleged facts need not be accepted as true. *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015) (citing *Terry v. Tyson Farms, Inc*., 604 F.3d 272, 276 (6th Cir. 2010)). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp*., 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d

3

990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992)*; see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**IV.    DISCUSSION**

   **A.    Plaintiff's Factual Allegations**

Plaintiff contends, in his complaint, that on September 24, 2014, he was transferred to the Morgan County Correctional Facility and that the property officer seized his walking cane and escorted him to the maximum security unit, though he had not been placed in maximum security in his prior prison.  Once Plaintiff was in the unit, the nurses refused to give him prescribed medications, including one used to control seizures.  Furthermore, Plaintiff asked all the officers to place in him a handicapped cell, equipped with a handicapped accessible toilet, sink, and shower (with handrails, seat, and spray nozzle), but his requests were not honored.  The next day, while Plaintiff was showering, he had a seizure and woke up on the floor in a pool of a blood, with officers gathered around him.  The officers escorted him to medical, where the blood was cleaned off him.  Plaintiff was then taken to an observation cell and the next day transferred to another prison.

Plaintiff claims that his rights under the Eighth Amendment were violated when his cane was seized, his requests for his medications and a handicapped cell denied, and he was housed in a cell in maximum security.  He asks only for a jury trial and requests no relief whatsoever.

   **B.    Law & Analysis**

The first Defendant named in the complaint is the Morgan County Correctional Facility, but only a "person" is subject to suit within the terms of § 1983.  *Monell v. New York City Dep't*

4

*of Soc. Servs.*, 436 U.S. 658, 689-90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983.) The Sixth Circuit has previously noted that a county jail is not an entity subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, 1997 WL 25647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983.").

Like a county jail, the Morgan County Correctional Facility, as its name suggests, is a facility and, as such, is not a suable entity under § 1983. *See McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (finding that a state prison facility is an institution operated by a state corrections department and "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983") (listing cases).

Likewise, the Morgan County Correctional Facility Medical Staff, the second named Defendant, is not a "person" who is amenable to suit. *See Hix v. Tennessee Dept. of Corr.*, 196 F.App'x 350, 355 (6th Cir. 2006) (concluding "that the defendant medical departments are not 'persons' under § 1983"); *Horton v. Hamblen County Jail Medical Staff*, No. 2:07-CV-01, 2007 WL 172523, at *1 (E.D. Tenn. Jan. 18, 2007) (finding that the jail medical staff is a non-suable entity under § 1983); *Sullivan v. Hamilton Cnty. Jail Staff*, No. 1:05-CV-320, 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006) (noting that the jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued) (citing to *Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1973) for its holding that a state prison medical department is not a "person" under § 1983).

Accordingly, any claims against the Morgan County Correctional Facility and the Morgan County Correctional Facility Medical Staff fail to state claims upon which relief may be granted.

As noted, the complaint does not seek injunctive or monetary damages. But even if Plaintiff had requested either type of relief, he could not obtain them. Injunctive relief from unlawful prison conditions is available for an inmate who is still housed in the facility wherein the wrongful conditions exist. But at the time Plaintiff filed this case, he had already been transferred to another state prison and has since been transferred to yet a different state facility [Doc. 1 p.7, Doc. 1-1, Doc. 10]. Plaintiff's transfer to a different state prison would have rendered moot any claims concerning the conditions at the Morgan County Correctional Facility. *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) ("[W]e held that a prisoner's claim for . . . injunctive relief against certain prison officials became moot once the prisoner was transferred from the prison of which he complained to a different facility.") (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

Had Plaintiff named proper entities or individuals as Defendants and had he sued them for monetary damages, the Court would have assumed, absent a specification as to the capacity in which he was suing each Defendant, that he had sued them in their official capacities, *see Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989), unless the complaint or subsequent course of proceedings sufficiently apprized them that they were being sued as individuals. *Moore v. City of Harriman*, 272 F.3d 769, 781 (6th Cir. 2001).

The Eleventh Amendment bars actions in federal court by citizens against their own state and extends to a state agency in cases where state funds are potentially involved, *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986), and to employees of a state agency, when sued in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, any claim for monetary damages against the Morgan County Correctional Facility,

which is associated with the Tennessee Department of Correction, or against a member of that facility's medical staff would not have succeeded, given that Eleventh Amendment immunity would have applied.

Accordingly, no claims entitling Plaintiff to relief under § 1983 have been stated against the Morgan County Correctional Facility or the Morgan County Correctional Facility Medical Staff.

## IV. CONCLUSION

The Court has broadly construed this pro se complaint, *Haines v Kerner*, 404 U.S. 519, 520 (1972), has been mindful of Plaintiff's pro se status, and has determined that he has failed to state a claim for relief against Defendants. In view of the circumstances surrounding the filing of the complaint, the Court concludes that the deficiencies noted herein are not remediable and, thus, will **DISMISS** this case for failure to state a claim. Because the Court finds that any appeal from the dismissal order would not be taken in good faith, Plaintiff is **DENIED** leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Thus, should Plaintiff file a notice of appeal, he also must submit a motion for leave to appeal *in forma pauperis* and a certified copy of his inmate trust fund showing the transactions in the account for the last six months. 28 U.S.C. § 1915(a)(2).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

7

Case 3:14-cv-00516-TAV-HBG   Document 12   Filed 11/17/15   Page 7 of 7   PageID #: 51